UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| MONOLITO ALVARADO | * | CIVIL ACTION |
|---|---|---|
| | * | |
| VERSUS | * | NO. 11-25 |
| | * | |
| DIAMOND OFFSHORE MANAGEMENT CO. | * | SECTION "L" (2) |

## ORDER & REASONS

Before the Court is a Motion for Summary Judgment (Rec. Doc. No. 18) filed by Defendant. The Court has reviewed the submitted memoranda and the applicable law. For the following reasons, the motion is granted in part and denied in part.

## I. BACKGROUND

This case arises out of injuries allegedly sustained by Plaintiff Monolito Alvarado on March 27, 2010. Plaintiff avers that on that day, he was employed by Defendant Diamond Offshore Management Co. as a seaman onboard the OCEAN MONARCH, a vessel owned and operated by Defendant. Plaintiff alleges that on the day in question, he "experienced an accident which resulted in serious painful injuries to his shoulder and other parts of his body." In January 2011, Plaintiff filed suit against Defendant, seeking to recover damages for Defendant's alleged negligence under the Jones Act and for the alleged unseaworthiness of the OCEAN MONARCH. Plaintiff also asserts his right to maintenance and cure. In its Answer, Defendant has answered and denied liability.

## II. PENDING MOTION

Defendant has now filed a Motion for Summary Judgment (Rec. Doc. No. 18). Defendant contends that both Plaintiff's Jones Act claim and Plaintiff's unseaworthiness claim

1

fail as a matter of law. First, Defendant argues that Plaintiff's Jones Act claim fails because Plaintiff cannot meet his burden of proving negligence. Defendant asserts that the amount that Plaintiff was required to lift – 50 to 60 pounds – is not unreasonable. Furthermore, Defendant posits that the manner in which Plaintiff was required to carry out his task was not unreasonable. According to Defendant, it was not negligent in how it required Plaintiff to perform the job because Plaintiff was able to take breaks, and even if breaks were not allowed, overexertion claims cannot give rise to Jones Act negligence.

Second, Defendant argues that Plaintiff will be unable to meet his burden of proving unseaworthiness. Defendant asserts that it is the only named defendant in this matter, despite the fact that it is not the owner of the rig to which Plaintiff was assigned. According to Defendant, Plaintiff was advised at the first status conference, as well as prior to the second status conference, that he has not named the correct party for an unseaworthiness action. Furthermore, Defendant contends that even had the proper party been named to the suit, requiring Plaintiff to lift 50 to 60 pound bags does not make the OCEAN MONARCH unfit for its intended purpose. As a result, Plaintiff's unseaworthiness claim should be dismissed.

In response, Plaintiff argues that material fact issues remain that are properly decided by a jury. Regarding the Jones Act claim, Plaintiff contends that Defendant was negligent in not properly training Plaintiff and in not providing a safer method of carrying out the assigned task. Plaintiff asserts that he has retained a marine safety expert who will testify at trial to show that Defendant breached the standard of care. With respect to Defendant's arguments regarding the unseaworthiness claim, Plaintiff does not provide a response.

**III. LAW AND ANALYSIS**

**A. Standard of Review for Motions for Summary Judgment**

A district court can grant a motion for summary judgment only when the "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986)). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (internal citations omitted).

**B. Jones Act claim**

"A seaman is entitled to recovery under the Jones Act ... if his employer's negligence is the cause, in whole or in part, of his injury." Gautreaux v. Scurlock Marine, Inc., 107 F.3d

331, 335 (5th Cir.1997); see also Howard v. Canadian National/Illinois Cent. R.R., No. 06-30747, 233 Fed.Appx. 356 (5th Cir. May 24, 2007). An employer has the duty to provide his seaman employees with a reasonably safe place to work, including providing reasonably suitable gear. See Colburn v. Bunge Towing, Inc., 883 F.2d 372, 374 (5th Cir.1989). The cause of action under the Jones Act arises when this duty is breached and the employer's breach of duty is the "legal cause" of the seaman's injury. Gavagan, 955 F.2d at 1019-20.

In this case, the Defendant contends that Plaintiff is unable to show the negligent conduct required to maintain a Jones Act claim. Defendant argues that neither the amount that Plaintiff was required to lift, nor the manner in which Plaintiff was required to lift it, is unreasonable as a matter of law. Plaintiff, on the other hand, asserts that it will present evidence at trial, including the testimony of a health and safety expert, to prove that Defendant did not meet the standard of care required of a Jones Act employer. Plaintiff argues that a safer method that Defendant could have instructed Plaintiff to perform the task would have been to provide material handling equipment. In the alternative, Plaintiff states that Defendant failed to properly train Plaintiff in proper lifting techniques that would have prevented Plaintiff's injury. In light of these arguments, the Court concludes that the issues of fact and law are too intertwined to grant summary judgment at this stage. Accordingly, Defendant's Motion for Summary Judgment as to Plaintiff's Jones Act claim must be denied.

### C. Unseaworthiness claim

"To establish a claim for unseaworthiness, the injured seaman must prove that the owner has failed to provide a vessel, including her equipment and crew, which is reasonably fit and safe for the purposes for which it was intended to be used." *Boudreaux v. United States of*

*America*, 280 F.3d 461, 468 (5th Cir.2002) (quoting *Jackson v. OMI Corp.*, 245 F.3d 525, 527 (5th Cir.2001)). "The standard is not perfection, but reasonable fitness; not a ship that will weather every conceivable storm but a vessel reasonably suited for her intended service." *Boudoin v. Lykes Bros. S.S. Co.*, 348 U.S. 336, 339, 75 S.Ct. 382, 99 L.Ed. 354 (1955). "A vessel's condition of unseaworthiness might arise from any number of circumstances. Her gear might be defective, her appurtenances in disrepair, her crew unfit. The number of men assigned to perform a shipboard task might be insufficient. The method of loading her cargo, or the manner of its stowage, might be improper." *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 499-500, 91 S.Ct. 514, 517-18, 27 L.Ed.2d 562 (1971) (internal citations omitted); see also *Webb v. Dresser Indus.*, 536 F.2d 603, 606 (5th Cir.1976), cert. denied, 429 U.S. 1121, 97 S.Ct. 1157, 51 L.Ed.2d 572 (1977). A vessel is unseaworthy when a unsafe method of work is used to perform vessel services. *Rogers v. Eagle Offshore Drilling Serv.*, 764 F.2d 300, 303 (5th Cir.1985); *Burns v. Anchor-Wate Co.*, 469 F.2d 730 (5th Cir.1972). The duty of the vessel owner to provide a seaworthy vessel is an absolute non-delegable duty.

In the instant case, Defendant contends that summary judgment should be granted because Plaintiff has failed to name as a defendant the owner of the vessel. Plaintiff has offered no response to this argument, nor has Plaintiff offered any evidence that Defendant is, in fact, the owner of the OCEAN MONARCH. Therefore, despite drawing all inferences in favor of the non-moving party, the Plaintiff, the Court must conclude that Defendant is not the owner of the vessel at issue, and that an unseaworthiness claim may not be maintained against it. Accordingly, Defendant's Motion for Summary Judgment as to Plaintiff's unseaworthiness claim must be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Diamond Offshore's Motion for Summary Judgment (Rec. Doc. No. 18) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

New Orleans, Louisiana, this 14th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE