UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MONOLITO ALVARADO | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 11-25 |
| | * | |
| DIAMOND OFFSHORE MANAGEMENT CO. | * | SECTION "L" (2) |

ORDER & REASONS

Before the Court is a Motion to Exclude or Limit Expert Testimony and Report of Frank

Burg (Rec. Doc. No. 19) and a Motion to Strike and Exclude Evidence of Life Care Plan and

Expert Testimony of Dr. Cornelius Gorman, Dr. Shelly Savant, and Dr. G. Randolph Rice

Concerning It (Rec. Doc. No. 20), both filed by Defendant.  The Court has reviewed the

submitted memoranda and the applicable law. For the following reasons, the Motion to Exclude

or Limit Expert Testimony and Report of Frank Burg is granted, and the Motion to Strike and

Exclude Evidence of Life Care Plan and Expert Testimony Concerning It is denied.

I. BACKGROUND

This case arises out of injuries allegedly sustained by Plaintiff Monolito Alvarado on

March 27, 2010. Plaintiff avers that on that day, he was employed by Defendant Diamond

Offshore Management Co. as a seaman onboard the OCEAN MONARCH, a vessel owned and

operated by Defendant. Plaintiff alleges that on the day in question, he "experienced an accident

which resulted in serious painful injuries to his shoulder and other parts of his body." In January

2011, Plaintiff filed suit against Defendant, seeking to recover damages for Defendant's alleged

negligence under the Jones Act and for the alleged unseaworthiness of the OCEAN MONARCH.

Plaintiff also asserts his right to maintenance and cure. In its Answer, Defendant has answered

and denied liability.

On October 17, 2011, the Court granted Defendant's Motion for Summary Judgment with respect to Plaintiff's unseaworthiness claim. There remains Plaintiff's claim against Defendant under the Jones Act.

## II. PENDING MOTIONS

Defendant has filed two motions. The following briefly summarizes the main contentions of the parties.

### 1. Defendant's Motion to Exclude or Limit Expert Testimony and Report of Frank Burg (Rec. Doc. No. 19)

Defendant has filed a Motion to Exclude or Limit Expert Testimony and Report of Frank Burg (Rec. Doc. No.19). Defendant asserts that exclusion or limitation of Mr. Burg's expert testimony is required because it involves erroneous assumptions, impermissible conclusions of law, and is not helpful to the jury. Defendant argues that because Mr. Burg's conclusions consist of statements that Defendant violated OSHA regulations, NIOSH standards, and Defendant's safety practices, his testimony does not qualify as "expert testimony" because a layman could reach the same conclusion. Furthermore, Defendant asserts that such testimony is impermissible, as it addresses whether such standards created a legal duty for Defendant and whether any of these standards have been violated by Defendant, and these are conclusions of law. Defendant also contends that Mr. Burg's conclusion that Defendant violated OSHA regulations is erroneous, as Defendant asserts that OSHA does not apply to it because it has been issued a Coast Guard Certificate of Compliance. Finally, according to Defendant, Mr. Burg's testimony relies on several erroneous and unsupported facts: (1) Mr. Burg states that Defendant

violated its own safety rules, while Defendant's safety manual is not listed among the materials that he reviewed for his expert report; (2) Mr. Burg states that Defendant should have given Plaintiff a pre-employment physical, despite the fact that Defendant has presented evidence that Plaintiff was given one; and (3) Mr. Burg states that the lifting and twisting that Plaintiff was required to do to perform the task was unsafe, despite the fact that Plaintiff did not explain how he performed the task during the deposition, and Mr. Burg has never been to OCEAN MONARCH to see how other workers performed the task.

Plaintiff opposes this motion, arguing that Mr. Burg's testimony will assist the jury in setting forth the relevant industry guidelines regarding safe lifting techniques and alternatives. In addition, Plaintiff asserts that even if OSHA is not directly applicable, OSHA regulations may be referred to as guides for the determination of the standard of care. Finally, Plaintiff contends that any issues with the bases for Mr. Burg's opinions are more properly dealt with in cross examination.

**2. Defendant's Motion to Strike and Exclude Evidence of Life Care Plan and Expert Testimony of Dr. Cornelius Gorman, Dr. Shelly Savant, and Dr. G. Randolph Rice Concerning It (Rec. Doc. No. 20)**

Defendant has filed a Motion to Strike and Exclude Evidence of Life Care Plan and Expert Testimony of Dr. Cornelius Gorman, Dr. Shelly Savant, and Dr. G. Randolph Rice Concerning It (Rec. Doc. No. 20). Defendant argues that the life care plan and the expert testimony concerning it should be excluded because it is not based on competent evidence, and is speculative and unduly prejudicial. Defendant contends that the plan was developed by a vocational rehabilitation counselor that saw the Plaintiff only once, and not by his treating

physician. Defendant also argues that projecting costs 35 to 37 years into the future is too

speculative. In particular, Defendant objects to the projected costs for "heavy home

management," that does not take into account that Plaintiff has a son who could assist, that

Plaintiff may have needed such help as he aged, regardless of his alleged injury, and that

Plaintiff is currently earning money by cutting lawns himself. Finally, Defendant contends that

the costs for psychological treatment are unwarranted when, during his deposition, Plaintiff

stated that he'd had no mental problems.

Plaintiff opposes this motion, stating that such issues are properly addressed through

cross-examination.

**III. LAW AND ANALYSIS**

**A. Standard of Review for Motions to Exclude Expert Testimony**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702,

which provides that

> If scientific, technical, or other specialized knowledge will assist the trier
> of fact to understand the evidence or to determine a fact in issue, a witness
> qualified as an expert by knowledge, skill, experience, training or
> education, may testify thereto in the form of an opinion or otherwise.

According to the Advisory Committee Notes to Rule 702, "whether the situation is a proper one

for the use of expert testimony is to be determined on the basis of assisting the trier." The Fifth

Circuit has held that expert testimony should be excluded if the Court finds that "the jury could

adeptly assess [the] situation using only their common experience and knowledge." *Peters v.*

*Five Star Marine Service*, 898 F.2d 448, 450 (5th Cir. 1990). In addition, the Fifth Circuit has

held that, "the trial judge ought to insist that the proffered expert bring to the jury more than the

lawyers can offer in argument." *In re Aircraft Disaster at New Orleans, Louisiana*, 795 F.2d

1230, 1233 (5th Cir. 1986). "There is no more a certain test for determining when experts may

be used than the commonsense inquiry whether the untrained layman would be qualified to

determine intelligently and to the best possible degree the particular issue without enlightenment

from those having a specialized understanding of the subject involved in the dispute." Fed. R.

Evid., 702 Advisory Committee Note..

**B. Defendant's Motion to Exclude or Limit Expert Testimony and Report of Frank Burg**

**(Rec. Doc. No. 19)**

Plaintiff has retained Frank Burg, a certified safety professional, to offer opinions and

conclusions in this matter. Plaintiff has submitted Mr. Burg's expert report as evidence and

asserts that his testimony will assist the trier of fact in setting forth the relevant industry

guidelines regarding safe lifting techniques and alternatives. Defendant has now moved to

exclude or limit this testimony and report, arguing that both contain erroneous factual

assumptions and impermissible conclusions of law.

In *Bouton v. Kim Susan, Inc.*, 1997 WL 61450 (E.D. La.), the Eastern District

confronted a similar issue regarding a liability expert who was to testify in a case involving

unloading drill pipe. The Court first clarified that the standard was not that set forth in *Daubert*,

which concerns the standards for reliability of scientific expert testimony. Rather, the case

"involve[d] a challenge to the very need for expert testimony at all." *Bouton* at *3. Using that

standard, the Court disallowed the expert testimony that the defendant's captain violated the

safety manual and federal regulations because it determined that no expertise was required to

make these conclusions. Explaining that the issue was whether the testimony would assist the

5

jury, the Court noted, "[t]he 'expert' testimony proffered here, however, is simply not helpful to the trier of fact . . . . [it] is simply a matter of common sense."*Id.* at *2-3.

In the instant case, the expert's testimony consists of four conclusions, three of which state that the Defendant violated federal regulations and their own safety rules. The fourth conclusion asserts that it is unreasonably dangerous for the Defendant to require its employees to lift 50 to 60 pound bags in the manner that Plaintiff performed the task. As in *Bouton*, the question here is not the reliability of the evidence, but rather the need for expert testimony to make these conclusions at all. That said, *Bouton* decision made clear that no expertise is necessary to conclude that certain conduct may have violated rules or regulations. Such testimony is simply not helpful to the jury. Similarly, the fourth conclusion, that lifting large sacks is "unreasonably dangerous," is not a complex scientific or technical conclusion for which an expert may explain intricate concepts or jargon. It is a common sense determination that the jury need not be presented with expert testimony to decide. Therefore, Mr. Burg's report and anticipated testimony are unnecessary because they involve matters that are within the knowledge or experience of laymen. Accordingly, Defendant's motion to exclude the testimony and report of Mr. Burg must be granted.

**C. Defendant's Motion to Strike and Exclude Evidence of Life Care Plan and Expert Testimony of Dr. Cornelius Gorman, Dr. Shelly Savant, and Dr. G. Randolph Rice Concerning It (Rec. Doc. No. 20)**

On August 12, 2011, Plaintiff was evaluated by a vocational rehabilitation counselor, Dr. Cornelius Gorman, who, in conjunction with psychiatrist/neurologist Dr. Shelly Savant, prepared a Life Care Plan for Plaintiff. Following the preparation of the Life Care Plan, it was

submitted to Dr. G. Randolph Rice, an economist, to quantify the values over time and then assess the present values of the expenses. Given a 37-year life expectancy, Dr. Rice's present value total for all Life Care Plan expenses is $367,036.00. Defendant has moved to exclude the Life Care Plan, as well as the expert testimony of the preparing doctors concerning it, based on Defendant's assertion that the plan is speculative and unsupportive.

Exclusion is not the only method our adversarial system employs to deal with questionable evidence. In *Daubert v. Merrell Dow Pharmaceuticals*, the Supreme Court stated: "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. 579, 596 (1993). As a general rule, questions related to the bases and sources of an expert's opinion rather than its admissibility should be left for the consideration of the finder of fact, and these questions affect the weight to be assigned to an expert's opinion rather than its admissibility. *See United States v. 14.38 Acres of Land, More of Less Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1077 (5th Cir. 1996).

In this case, Defendant objects to the bases of the expert testimony and the Life Care Plan, noting the physicians' limited contact with the Plaintiff, the lengthy time frame of the plan, and some factual assumptions contained in the plan, including the costs accounted for "heavy home management." In general, these issues relate to the weight of the evidence rather than its admissibility. Both the testimony and the plan may be attacked on cross-examination without excluding the potentially persuasive portions of the plan that the jury may use to determine damages, if necessary. Thus, the life care plan and expert testimony concerning is admissible, and questions regarding their reliability will be determined by the finder of fact. Accordingly, the

Defendant's motion must be denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Diamond Offshore's Motion  to Exclude or Limit Expert Testimony and Report of Frank Burg (Rec. Doc. No.19) is **GRANTED**, and Diamond Offshore's Motion to Strike and Exclude Evidence of Life Care Plan and Expert Testimony of Dr. Cornelius Gorman, Dr. Shelly Savant, and Dr. G. Randolph Rice Concerning It (Rec. Doc. No. 20) is **DENIED**.

New Orleans, Louisiana, this 18th day of October, 2011.

UNITED STATES DISTRICT JUDGE